15 minutes per side Mr. Brennan for the appellant. You may proceed. May it please the court counsel my name is Ken Brennan I represent the plaintiff appellant Mary Wahl I thank the court for the opportunity to present oral argument and in particular I thank the court for permitting me to present oral argument by a telephone I know this is not the ideal way to present an argument but circumstances made it difficult for me to appear in person if the court cannot for some reason hear me I would ask that you just let me know and I'll try and adjust my volume doing fine so far wonderful just my volume on this end I understand that the court I'm sure has has read the briefs and seen the record and so I want to jump right into the substance beginning by reading a portion of the district court's opinion well before I get to that I want to just briefly for context explain that we're on appeal of an order granting the defendant summary judgment in a product liability case on the basis of the anticipated life provision of the Tennessee statute of repose the district court in granting summary judgment wrote in part this court views the result in this case as manifestly unjust through no fault of her own while is left with an essentially incurable degenerative condition for which she has no recourse because Tennessee extinguished her claim against GE before she could have discovered them now plaintiff is well aware that the court may not find in her favor based on sympathy to her situation she's not asking the court to do that however the court may by application of Ohio choice of law rules find that the Ohio state courts would not reach this manifestly with respect to when a statute of repose can extinguish a vested claim. Counsel this is Judge Boggs to cut to the chase here you're quite right that that for you to have a shot here you need to get potential at least into Ohio choice of law rules and how do you get around the fact that the very order that sets up direct filing here Judge Polster says in paragraph 6 the fact that a case is filed directly will have no impact on the choice of law to be applied. My answer to that question your honor is that is that when Judge Polster says that filing directly will have no impact on the choice of law to be applied he doesn't change the general rule that the law of the the choice of law rules of the transfer or court shall apply in other words the fact of direct filing is the only thing that gives you an angle on Ohio or a claim that Ohio is the Tennessee Judge Polster's order allowing direct filing gives you an opportunity to file it in Ohio and he says that should not have any effect on the choice of law if you filed in Tennessee you couldn't possibly use Ohio choice of law could you? If I filed in Tennessee I could not have used Ohio choice of law rules however I could have filed in New Jersey without question I probably could have filed in many if not most districts across the United States because the defendants in this case are are operate on a nationwide basis. Okay I mean you could have filed and then we would have a we or some other court would have a whole series of other issues but that's not what we have before us. Let me ask you the second thing is that putting aside Judge Polster's order looking at it generically your position means that when the multi-district litigation panel assigns a case to some particular district it would mean that they're opening new substantive law that wouldn't be available if they put it in some other district is that correct? Well two points on that your honor number one is is that most of the time the choice of law rules of the various states are going to point to the same with well strike that most of the time the choice of law rules are going to point to the same substantive law whatever states are dealing with this case happens to be an exception to that rule so the problem is not as big if you will as you're raising. Second and more importantly your honor I think that the district court the MDL court when creating its direct filing order if it filing orders benefit everyone the court can enter an order not simply saying that we're not you know direct filing does not have any impact on on the choice of law rules that will apply but rather the court could enter an order saying for example you must designate in your complaint the the venue in which you certainly would have filed this suit and that and and that will be considered the transfer or court for choice of law purposes. Counsel may you may you may be prescient you're sort of answering my second question which I haven't asked yet but you didn't answer the first question which was not what Judge Polster did but what the multi-district litigation panel the your theory does make it that in their consideration they should be considering substantive law because if they send it to Ohio as opposed to some other state it very well could have different choice of law rules you're saying it isn't too often but that's you know that that's a academic thing that we could argue but certainly in principle it would make that difference would it not? My answer to that question is that when when the joint panel on multi-district litigation creates an MDL it certainly does not require the district court judge to authorize direct filing. That's that's my second question we're getting to I still want you to answer the first question that it opens this up when it's not open before right and that therefore you would think that if that is the law the JPML should be considering that and I it sits in my court report courthouse by by chance because our chief judge was the chair of it they don't do that right? No they don't do that and I assure you judge I'm not trying to be obtuse I'm trying to answer. No I so then I do want to get to the second question which is okay assuming that your theory is good and the judicial panel has sent it to any particular court then that court which you normally think of as being there for procedural issues if it decides to allow direct filing the way that Judge Polster did your theory would mean that that court is now making a very important substantive decision is that fair? Only only if the district court sort of does what I would say half of what it ought to do only if the court authorizes direct filing without addressing the second half of this this issue which comes up in the unusual case and I think it is the unusual case that a an MDL case is sent back to a district court for or in this case not sent back but sent to just the quote we'll call it the other court the other court we'll call it the other court if the MDL judge if he is setting up this this sits the system for the efficiency of the system of the of the parties ought to address the issue that we're talking about because Ferens would seem to to require the result that that the plaintiff is asking for. So when you say he ought to have done something you say that paragraph six isn't what he quote ought to have done and give it to me again you you you were giving me a reasonable statement I don't just don't think I got all of it when you effectively you were saying that what he should have done was to say something can you reiterate that? Yeah I think what the what the court could have done was said that I am authorizing direct filing however as a condition of taking advantage of this direct filing procedure the plaintiff shall designate the district court in which he or she would have filed this at least it appears that would have been Tennessee that is given your other filings later on you figured out you had a problem but at that time you would have designated Tennessee would you not? You know it's hard to just it's hard to disagree with that statement because you made various filings all of which said venue is proper in Tennessee. And my response to that would be your honor that yes venue is proper in Tennessee but venue is also proper in certainly as I said before in New Jersey venue would also be proper I think and this issue was never addressed but I think venue would also be proper in Ohio. And just to be clear that that then if if the judge had done that and said you shall designate the court that you would have filed in would that then be binding under your transfer or transferee theory it still really is a transfer from Ohio isn't it? Does that does that get the defendants or the judge off the hook? The answer to that question is I think yes it would get the defendants and the in advance to and this is somewhat akin to the to the I think the yeah I think that's good enough Judge Donald has a question. Well you mentioned a few minutes ago Farron's and I just wanted to ask wouldn't a mechanical application of Van Dusen and Farron here lead to lead to district courts applying two sets of choice of law rules to similarly situated plaintiffs one that took filing I took advantage of the direct filing order and the other one that did not and and if that's the case doesn't that sort of contravene the doctrine that Erie would would seek to avoid? Again I understand what you're number one I think when the district court makes the decision to authorize direct filing and again I understand how convenient that is we're involved in a lot of these MDLs that the district court needs to needs to sort of complete the process and address the address how choice of law issues are going to be dealt with and again I understand the rationale underlying Farron's but I it's not a good use of judicial resources to to argue about frankly what we're arguing about in this case right now about where the case should proceed and well in this case what choice of law rules should govern and I and and the red light is on so quickly give me the second point you said for two reasons give me the second reason or the second point. You know as I sit here judge I'm not recall that's that's fine thank you very much. Are we correct and so he has time for rebuttal three minutes fine you'll have your three minutes for rebuttal we'll hear from Mr. Tarwater. May it please the court I'm Dwight Tarwater of the Tennessee Bar I represent the GE defendants General Electric GE Health Care. Like me Mrs. Wall the plaintiff is from Tennessee. She went to her doctor in Tennessee and he ordered a scan for in Tennessee and she was administered an FDA approved contrast agent in Tennessee. As a result four years later she alleges that she developed a disease called NSF as a result of that administration. She was never been to Ohio she's never been to New Jersey this is a Tennessee case. A very thoughtful district judge who didn't particularly particularly care for the result was there to decide the case on the facts and the evidence and the law and she told us during oral argument which is typical of Judge Trauger that she would rule with integrity and she did and she got it right. She called balls and strikes and she called three strikes unfortunately for the plaintiff in this case. She is absolutely correct that under Ferens and Van Dusen that in a direct filed case the choice of law rules of the should apply. In fact I find it remarkable that during plaintiff's argument that he suggested that plaintiff should designate. He proposed a different rule that plaintiff should designate the originating state in the complaint. That's a suggestion that was actually made by Professor Bratt in a review article in 2002. Can I interrupt you for just a moment? Yes your honor. Looking at the record the district court stated that venue venue was improper in Ohio correct and and that's not a correct statement is it even even though the events that you as you suggested or stated all occurred in Tennessee that in and of itself did not make Ohio improper as a venue did it? She said exactly your honor what you said she said. There was no finding there's nothing in the record to indicate that venue is ever appropriate in Ohio in the northern district of Ohio but for the direct filing order which permitted cases to be filed there and the direct these cases may be filed here for the convenience of the parties but it is not to establish venue or jurisdiction. There was never venue pled, never venue established in the northern district of Ohio. In fact Judge Polster's transfer order indicates that the case is being transferred to the appropriate venue the Middle District of Tennessee. And what I was leading up to a minute ago about what's in the complaint plaintiff pled that venue it would have been appropriate in the Middle District of Tennessee that's in paragraph 14 of the complaint paragraph 9 all the defendants were present and doing business in Tennessee the defendants would have expected that their consequences within the state of Tennessee that its acts would have consequences that the court has jurisdiction over the defendants by virtue of the Tennessee Constitution and so that this is a Tennessee case and and so the question is what choice of law issues apply and I must admit a very creative argument the trend in these cases there are eight direct filed MDL cases that we cited in our in our brief the first four applied the choice of law analysis of the state in which the MDL was sitting. The leading the first case I think was the Vioxx case out of the out of Louisiana and in Vioxx the court said this is odd this would be an odd duty that we would have to apply our own choice of law analysis but the court ultimately concluded that Louisiana that the substantive law of the state of injury would occur and I would suggest to you that the trend is otherwise the last four cases that have been decided said that in order to give effect to Ferens and Van Dusen and Atlantic Marine that wasn't mentioned during argument which recognized an exception to the mechanical rule stated by Ferens and Van Dusen that the law of the originating state should be the state in which to apply the choice of law analysis. Pardon me and let me just get a sip of water and while you since you mentioned Atlantic Marine isn't the direct filing order in this case essentially the inverse of the contractual choice of law provision that the Supreme Court addressed in Atlantic Marine. I would suggest no the the forum selection clause in Atlantic Marine was was something that the plaintiff wanted to get around and so filed the case in Texas ultimately transferred to Virginia Atlantic Marine holds no you can't you can't get out of Virginia choice of laws by filing in Texas. The forum selection clause said you should have filed in Virginia. In this case I suppose that the case could have been filed in the middle district of Tennessee and then Tennessee choice of law rules would apply and and then it would have to go through the transfer process the conditional transfer orders and the tag-along actions and all that kind of thing. The would have a different consequence than a forum selection clause. It permitted the case to be filed in the northern district of Ohio but like in Atlantic Marine never acknowledged that that would be an appropriate venue. And in fact I'm sorry your honor. With respect to venue you you'd said something earlier I thought about Judge Polster saying that the venue wasn't proper in Ohio. I'm not sure if I heard that right. Were you referring to the transfer order to Tennessee in which it says the parties have stipulated and jointly asked the court to transfer this case to the district court of proper venue? Yes your honor. That implies that Ohio is not the court of proper venue. That that was the point. I wasn't sure if you were referring to that. Yes your honor. That is from Judge what I had referenced to. He never found that Ohio was an improper venue. He simply found that Tennessee was the correct venue and I assume that he would have kept it since lexicon had been waived in the case. If he wanted to keep it he could have kept it. Just to suggest for a moment that the plaintiff opened with Judge Trauger's manifestly unjust language and she didn't like the result but she did not decide it based upon the result. It's the Tennessee legislature that's creating unjust results here. Yes your honor and I would suggest that the statute has been upheld by this court time after time after time. It's been upheld by the Tennessee courts time after time after time. Many judges have said we don't really like it but it is what it is. It's not unconstitutional. It's the province of the legislature. They had reasons to decide what they decided. In this court's case Montgomery versus Wyeth which is cited in the brief there's an extensive discussion of the Tennessee statute and a string of citations where it's been upheld over and over and over again. In fact we know of no case in which any state court has refused to apply the statute based upon the public policy argument that's found in section 90 of the restatement in which is the argument that plaintiff makes in this case. And in fact there's no case in Ohio where Ohio has been repugnant to their public policy. And I would note that Ohio has three statutes of repose on the books which do precisely the same thing as the Tennessee Products Liability Act does. Which is not as tight is that correct? Not quite as tight your honor. As a matter of fact that could be said about candidly. That can be said about most of the statutes of repose. They're not quite as tight as Tennessee's but it's like running a race. I suppose there's somebody always a little faster than you are and somebody always a little slower. And the other thing that I would observe is that the Ohio Appeals Court in Jernigan which is in our brief decided a case and applied the Tennessee statute of repose. Applying Tennessee substantive law. They had the opportunity to invalidate it then if they had wanted to and they refused to do that. So this case is not close. I admire and respect my opposing counsel's very creative and able arguments but I would suggest to you that the best view, the best procedure in this developing area about what choice of law should be applied in direct filed cases in the MDL are the four recent cases as the law developed that are cited in our brief. That's the Yasmin case out of Illinois. The Avandia case which is a heart medication out of Pennsylvania. Watson, the pain patch case in which the court referred to direct filing in the MDL as an artificial forum. And the Sanchez case which was a urinary tract implant case just decided this year in Massachusetts in which the court applied the choice of laws analysis of the originating state and that is the state. Those all circuit cases or some district some circuit? No, they're all district court cases and your honors will have, I believe, have the first opportunity to pass on this. There is a bit of a procedural distinction between this case and the other cases. In those district court cases, your honor, those were the MDL courts applying choice of law analysis of the originating state, the state where the drug was prescribed, the state where the injury occurred. In this case, it's procedurally a little different in that this is the first district judge after transfer of a direct filed MDL case who has reached this issue. She got it right. She got it right. It's a Tennessee case. Tennessee choice of laws should apply. In fact, it was pled as a Tennessee case. The statute of repose was in our answer and it has always been treated as such. One word about Judge Polster and his management of the MDL. There were, and there's an affidavit to this effect in the file, but there were four bellwether cases that were to be tried or settled as the case may be. One was tried and the other three settled. In fact, most of the cases in this MDL have settled. A great majority of the seven or eight hundred cases settled. There's a few that did and this is one of them. If they don't settle, we'll decide them. Yes, your honor. And of course, sometimes as many dance partners as you have, it still takes two to tango. But Judge Polster in the bellwether cases applied the substantive law of the states of injury. So this decision by Judge Trauger is absolutely consistent with what he did. A very thoughtful district judge who wrote a very good opinion. She got it right and we would urge this court to affirm the summary judgment. I have 45 seconds left. I'll be glad to answer any questions. Give the time back. Thank you. Thank you, your honors, for hearing me. It's a pleasure to be before you. Mr. Brennan, you have three minutes for rebuttal. Very good. Thank you, your honors. I want to make a couple of points in response to the arguments made by counsel for GE. Counsel referred to the correct venue and the originating venue a few times during his argument and I think that misunderstands the venue statutes or misstates the concept of the venue statutes which are broad and which certainly authorize venue in more than one venue. Though when Judge Polster in that order I quoted said transfer the case to the district court of proper venue he really should have said a district court of proper venue. Well I think there's no there's no question about that, your honor. I mean I don't I don't think that that even GE would argue that that venue wasn't proper in, for example, New Jersey. And counsel, so yes there was not a single proper venue in there. Am I right also that the transfer order meant, said that GE could not challenge venue in Ohio. The fact of the of the direct filing meant that they could not challenge the venue in Ohio. Isn't that stated in that order? I don't think so, Judge. I'm looking at page 2 of the April 1, 2008 direct filing order. Notwithstanding the provisions of case management order number 3, this is paragraph 4 of the order, I'm quoting defendants will not challenge the venue of any action filed directly in Ohio for purposes of pretrial proceedings. And then it says upon the completion the court will transfer the case to a district court of proper venue. But it but it as I read it it said that that they weren't acquiescing, they simply weren't allowed to challenge venue in Ohio in the transfer. I would suggest an answer to your question, your honor, that they were not permitted to challenge venue for the purposes of pretrial procedure, which is why the case was before Judge Polster. There was certainly nothing that would have prevented them from asking for a 1406 transfer rather than a 1404 transfer on the ground that venue was in. But they could have challenged it at a later time is really your point. They could have challenged it at the time it was transferred to Tennessee. Right, but that's later than the direct filing. Okay, go ahead. Anything else? And finally, it looks like I have only a few seconds to go. I just want to quickly make the point that the Jernigan case, which was cited by the defendant, was a case in which the cause, the Ohio case, was a case in which the cause of action was in cohate. It had not yet vested at the time that the that it was extinguished. And that is the fundamental difference between Ohio and Tennessee law on the question of whether a statute of repose violates, enforcement of a statute of repose violates a public policy. Tennessee and Ohio law are different in in that regard. Was your adversary correct in saying that Ohio does not have a case that refuses to apply someone's statute of repose on grounds of public policy? That is, you've made you've made an argument, a decent argument, that that it would be against the public policy. But is there any case that holds that so far? There's no case that I'm aware of that holds that that Ohio public policy would... No. Okay. Thank you, counsel. Your time's expired. Mr Brennan, we do appreciate your getting up early in California to present argument. Been well argued on both sides. That case will be submitted.